## (December 6, 1966)

■ In the Matter of PHYLLIS W. SMITH, Petitioner, v. NEW YORK STATE THRUWAY AUTHORITY et al., Respondents.— HERLIHY, J. This in an article 78 proceeding transferred to this court pursuant to CPLR 7804, subd. [g]. The petitioner, a Thruway toll collector, was discharged after a hearing upon the grounds of rude and abusive treatment to patrons, being under the influence of liquor and being asleep while on duty. A charge of using vulgar and obscene language was not sustained. The proceedings were instituted as a result of a letter signed by four college students protesting the manner in which they were treated by the petitioner while they were patrons of the Thruway on July 21, 1965. The record shows that the conduct of the patrons was far from exemplary and, in some respects, they may have been the agitators and agressors, but such does not excuse or justify the conduct of the petitioner which was in direct violation of and contrary to the regulations of the Authority. Exhibit 10 in

evidence is captioned "Department of Toll Collections" and provides in part as follows: 2 (b) 8. "General Instructions of Personnel" "Employees shall be courteous and orderly in all contacts and dealing with the public." 3. "Conduct and Duties of Toll Collectors" "All patrons using the Thruway are to be treated with utmost respect and courtesy at all times regardless of the circumstances." There was evidence offered on behalf of the Authority, denied by the petitioner, that on this occasion she appeared to have been drinking and smelled strongly of alcohol and that her conduct had been generally rude and abusive in that she did utter a "cuss word" and she did not courteously co-operate with the patrons whose car had become mechanically disabled. The resolution of the issues was premised on credibility, the hearing officer having elected to accept the testimony of one of the patrons involved and a State Trooper, which testimony we find to be substantial. The charge of sleeping on duty related to other occasions, March 8, 1965 and May 25, 1965, and again the issue was one of credibility and the evidence was substantial to sustain the charge. There was offered for the purpose of determining the degree of penalty the work performance record of petitioner which showed a marginal performance and we cannot say that the penalty was excessive. Determination confirmed, without costs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Herlihy, J.; Aulisi, J., not voting.